UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVIA ENRICA KLEES,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO. C17-5480 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant United States of America's motion to dismiss (Dkt. 8) and Plaintiff Sylvia Enrica Klees' ("Klees") motion for extension of time (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

**I.   PROCEDURAL HISTORY**

On May 18, 2017, Klees filed a complaint against Howard Alan Chansky, Paul H. Kim, and Laura E. Stoll ("Defendants") alleging numerous torts stemming from a surgery at a veteran's hospital. Dkt. 1-1.

On June 21, 2017, Defendants removed the matter to this Court. Dkt. 1.

On June 28, 2017, the Government was substituted for Defendants, Dkt. 6, and the Government filed a motion to dismiss, Dkt. 8. On July 17, 2017, Klees filed a motion for extension of time to respond.[1] Dkt. 11. On July 21, 2017, the Government replied. Dkt. 16. On July 31, 2017, Klees responded to the Government's motion to dismiss. Dkt. 21.

## II. DISCUSSION

A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). The Ninth Circuit has "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" *Id.* (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

In this case, the Government argues that Klees failed to exhaust her administrative remedies by filing a tort claim with the Department of Veteran Affairs. Dkt. 8 at 2. Klees alleges that she filed a tort claim on December 10, 2013. Dkt. 21 at 2. Klees, however, fails to submit any evidence of this claim and the Government has submitted evidence showing that the only claim filed by Klees was received on May 24, 2017. Dkt. 9. Based on this evidence, the Court concludes that Klees has failed to exhaust her administrative remedies and the Court is without jurisdiction to hear her claims.

---

[1] The Court grants the motion because the Government is not prejudiced by the delay.

### III. ORDER

Therefore, it is hereby **ORDERED** that Klees' motion for extension of time (Dkt. 11) and the Government's motion to dismiss (Dkt. 8) are **GRANTED**. The Clerk shall remove all pending motions from the Court's calendar, enter **JUDGMENT** for the Government, and close this case.

Dated this 8th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge